# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

In re

**WARREN CHARLES BODEKER**,

Debtor.

Case No. **12-60137-7**

# MEMORANDUM OF DECISION

At Butte in said District this 12th day of June, 2012.

After notice a hearing was held at Missoula on June 12, 2012, on (1) Trustee's Motion for Order Requiring Debtor to Vacate Property, filed May 10, 2012 (Docket No. 49); (2) Trustee's Motion to Sell Property Free and Clear of Liens and Interests, filed May 3, 2012 (Dkt. 45); and (3) Trustee's Motion to Expunge real property filings and prohibit the Debtor from filing more documents, filed May 12, 2012 (Dkt. 56).  The Debtor Warren Charles Bodeker requested additional time to respond, which the Court granted, but the Debtor did not file any objection to the Trustee's Motions, and did not appear at the hearing.  The Debtor is pro se in this case after withdrawal of his attorney was granted with the Debtor's consent.  The Trustee Christy L. Brandon appeared at the hearing in support of the motions, and called prospective buyer Norma Jean Hawley ("Hawley") to testify.  Exhibit ("Ex.") 1, the agreement for sale of the estate's real and personal property to Hawley for the sum of $167,000, was admitted without opposition.  The Debtor did not appear at the hearing, after two requests to continue filed by him were denied.  Debtor's friend and neighbor Roxsanna Ryan ("Ryan") appeared at the hearing on behalf of the Debtor under a power of attorney and testified.  Attorney Michael Klinkhammer of Missoula,

1

who Debtor has stated in his court filings he may hire to represent the Debtor in this case, appeared at the hearing and advised the Court that he declined to represent the Debtor. After the parties' concluded their cases-in-chief the Court granted the Trustee's three Motions at the hearing.

While the Debtor was represented in this case by counsel, attorney Daniel S. Morgan of Missoula, the Debtor entered into a stipulation with the Trustee and U.S. Trustee (Dkt. 29) in which the Debtor waived his discharge and waived his homestead exemption on the real property which the Trustee's Motion seeks to sell to Hawley. This Court approved that stipulation, and the Debtor has not filed a motion for relief from that stipulation. As a result, the real property and personal property which the Trustee moves to sell to Hawley is property of the estate which is not subject to any valid claim of exemption.

The Trustee is obligated under 11 U.S.C. § 704(a)(1) to liquidate property of the estate and close the estate as expeditiously as possible. The Trustee informed the Court that, with the sale of property to Hawley and liquidation of other assets, she expects this to be a surplus estate with money to be refunded to the Debtor after satisfaction of liens and judgments. However, without approval of the sale the Trustee would incur property taxes, insurance, expenses for repairs which may consume the estate. The sale to Hawley remains subject to contingencies, including a property inspection, but Hawley agreed to extend the inspection date to June 15, 2012, and to extend the closing date.

Ryan explained the Debtor's age of 89 years, loss of hearing, hospitalization and health problems which prevented him from appearing at the hearing. She further stated that most of the Debtor's belongings have been removed from his real property and placed in storage, and that

she has offered for the Debtor to live with her after he is released from the hospital. The Trustee expressed compassion for the Debtor, as does the Court. However, the Debtor filed for bankruptcy relief, which carries burdens as well as benefits. Ryan did not dispute that the Debtor interfered with and prevented the Trustee from obtaining a home inspection. The Court will not revisit the stipulation in which the Debtor waived his homestead exemption, because the Debtor was represented by counsel and the record shows that he failed to disclose assets.

The Trustee requested that her Motion to Expunge be granted because the Debtor has resorted to "sovereign citizen" tactics and dialogue in resisting her efforts to liquidate the estate. The Court found that the Trustee is within her rights and duties to sell the property free and clear of liens.

**IT IS ORDERED** separate Orders shall be entered granting the Trustee's Motion for Order Requiring Debtor to Vacate Property (Dkt. 49), Trustee's Motion to Sell Property Free and Clear of Liens and Interests (Dkt. 45), and Trustee's Motion to Expunge (Dkt. 56).

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana